*Winfrey & Winfrey, for appellants.*

*Burnett & Baker, for appellees.*

---

SAMUEL CRAWFORD *v.* COMMONWEALTH.

**Criminal Law—Instruction—Province of Jury.**

An instruction that it is the province of the jury to pass upon the credibility of each witness, and that if a witness swears falsely in relation to one particular fact, the jury may disregard every other fact testified to by him, is a correct statement of the law.

**Criminal Law—Instruction—Reasonable Doubt.**

An instruction that, in order to convict, the jury should be convinced from the evidence of the guilt of the accused and that such

conclusion should be so clear and strong as to exclude from their minds all measurable doubt as to the correctness of their conclusion, was held to be a correct statement of the law.

### APPEAL FROM HARDIN CIRCUIT COURT.

### February 12, 1874.

OPINION BY JUDGE HARDIN:

The action of the court on the trial, in admitting or rejecting evidence, was not excepted to so as to make such rulings grounds of a reversal in this court. It seems, moreover, that such testimony as might have been objected to by the defendant was excluded from the jury, by the fourth and fifth instructions.

The sixth instruction, which appears to have been first given at the instance of the defendant, does not seem to us to be liable to any valid objection. Nor do we think the customary instruction numbered "11" was incorrect or misleading, especially in view of the former decisions of this court defining the rules of law governing the action of juries. It simply presented to the jury a familiar and long recognized proposition of law, which, when considered in connection with the other instructions given, could not, in our opinion, have wrongly influenced the jury.

But, upon reconsideration of this case, we have come to the conclusion that the court erred in refusing to give to the jury both the instructions 7 and 8 asked by the defendant. They were as follows:

No. 7. "The defendant moved the court to instruct the jury that it is their province to decide upon the credibility of each witness introduced in the case, and if a witness swears falsely in relation to one particular fact in the case, they have the right to disregard every other fact proved by the witness."

No. 8. "That from the evidence they should be fully convinced of the correctness of their conclusion that the prisoner is guilty, and that conclusion should be so clear and strong as to exclude from their minds all measurable doubt that their conclusion was correct."

The first of these instructions we find to be substantially and almost a literal copy of an instruction given in the case of *Rutherford v. Commonwealth*, 2 Met. 387, and which on careful consideration this court approved. To the other rejected instruction there could be no other objection except that in a previous instruction, the substance of it had, perhaps, already been sufficiently given to the jury.

As to the refusal of the court to transfer the case into the United States District Court, and some other rulings not hereinbefore maintained, we deem it sufficient to say that they are not subject to the revision of this court, as grounds of reversal. Criminal Code, Sec. 334.

But, for the errors herein suggested, the judgment is reversed and the cause remanded for a new trial on principles not inconsistent with this opinion.

*Montgomery, for appellant.*

*Frazier, for appellee.*